PATRICIA RIVET MURRAY, Judge.
pOn July 13, 2005, this court granted certiorari, ordered the record, and stayed proceedings in the district court pending our consideration of the merits of the instant writ application, filed by First Zion Baptist Church [hereinafter “First Zion”]. Having reviewed the entire record as well as the plaintiffs’ opposition to the application, we grant the application and vacate the July 11, 2005 judgment of the district court.
The district court’s judgment, which ordered that the plaintiff, Rev. Norwood Thompson, be reinstated to his former position as pastor of First Zion, is the latest court ruling in a longstanding legal dispute between Rev. Thompson and First Zion that began in 1999. A chronology of the pertinent legal events is as follows:
10/22/99 Rev. Thompson and his wife file petition in civil district court against Bank One[1] and First Zion seeking damages for defamation and injunctive relief, alleging that Reverend Thompson was removed as pastor of First Zion pursuant to an illegal election by an improperly constituted Board of Directors [“Board”].
11/05/99 The district court issues a preliminary injunction, amended on 11/12/99,[2] which orders that: (1) Rev. Thompson be reinstated as pastor pending the election of a new Board to be held December 17, 1999; (2) Prior to the date set for the new election, the parties are to agree upon a roster of current church members eligible to participate in the election of the new Board;[3] and (3) During the interim 45 days, any checks drawn on First Zion’s Bank One account must contain the signatures of two named persons in addition to that of Rev. Thompson to be valid.
| <>1/28/00 The district court issues a “permanent” injunction “to protect [Rev. Thompson’s] right to access and use of First Zion Baptist Church of *557 New Orleans as the presiding pastor, pending a full hearing on the merits before this [the districtjCourt.”
2/03/00 First Zion obtains an order appealing the permanent injunction to this Court.
10/03/01 This Court renders an unpublished opinion, which vacates the district Court’s injunction as being vague and pretermits discussion of all other assignments of error, including the alleged absence of subject matter jurisdiction and the allegation that the permanent injunction was invalid because it was issued without the required hearing. Rev. Norwood Thompson v. Bank One, et al, 2000-1085 (La.App. 4 Cir. 10/3/01, 798 So.2d 338) (unpublished).
3/07/02 Rev. Thompson’s ex parte motion to enter judgment in accordance with the Nov. 1999 preliminary injunction, which motion had been granted by the district court, is vacated on writ application to this Court because of the ex parte nature of the motion.
4/02/02 First Zion files an exception of lack of subject matter jurisdiction.
5/14/02 Rev. Thompson files a second ex parte motion to enforce the Nov. 1999 preliminary injunction.
8/15/02 The district court denies First Zion’s exception of lack of subject matter jurisdiction.
8/05/03 Rev. Thompson files a motion to set a hearing on the preliminary injunction granted in Nov. 1999, which motion the district court denies as moot.
12/09/03 This Court grants Rev. Thompson’s writ application, reverses the district court’s denial of the motion and orders that court to conduct a hearing to determine what actions First Zion and Bank One are to refrain from and whether any actions already taken by them were in violation of prior trial court rulings.
2/22/05 The original district court judge recuses himself before the hearing (scheduled for 2/23/05) takes place; Rev. Thompson moves to reset the hearing.
3/16/05 The newly assigned district court judge orders a hearing.
5/21/05 A hearing on the merits of the Nov. 1999 preliminary injunction is held in the district court.
7/11/05 The district court renders a written judgment with reasons, ordering |athat: (1) Rev. Thompson be reinstated to his position as pastor of First Zion; (2) Rev. Thompson be given keys to the church and the church office; (3) Rev. Thompson’s personal items be returned to him; (4) Rev. Thompson’s salary be reinstated; and (5) Rev. Thompson has a right to “an election” pursuant to a church membership list approved by the court.
7/13/05 First Zion files the instant writ application seeking reversal of the district court’s 7/11/05 judgment.
In written reasons for judgment, the district court indicated that it had acted in accordance with this Court’s remand and instructions that the district court should “determine whether its prior Order had been complied with” and “clearly state what actions from which the defendant members of First Zion Baptist Church were to refrain.” The district court then interpreted the 1999 ruling as having ordered that the parties submit a joint list of church members for an election to be held in December of 1999, and that in the meantime, the plaintiff, Rev. Thompson, be restored to his position as pastor of the church. Based on the evidence adduced at the May 2005 hearing, the district court found that no joint list was ever filed, nor *558 was there ever a hearing set for the court to determine the membership list. Instead, in 1999 First Zion held an election based on the list it had submitted, and Rev. Thompson left the election meeting in protest. There remains a dispute between the parties as to whether Rev. Thompson verbally resigned his position before leaving the meeting. However, subsequent to his leaving, First Zion sent him a written acceptance of his resignation and changed the locks to the church, thereby preventing Rev. Thompson from' having any access and denying him the opportunity to remove his personal possessions from the premises. The district court further found that although by the time it rendered judgment, a new pastor had been in place at First Zion for over five years, Rev. Thompson had continuously attempted to pursue his rights through the courts during this entire |4time, and it was not due to his fault or lack of diligence that the matter remained unresolved. Therefore, the district court concluded that despite the “inequities for all concerned” created by the passage of time, the Rev. Thompson was entitled to reinstatement of his position as pastor.
In support of its writ application, First Zion argues that the district court’s judgment is based upon the erroneous legal premise that the 1999 preliminary injunction is still valid and enforceable. First Zion points out that for more than five years, the church has had someone other than Rev. Thompson as pastor, and that during that time, Rev. Thompson has not only ceased all involvement with First Zion (other than as relates to the instant lawsuit), but has founded another church of which he serves as pastor. In addition, considering the amount of time that has passed, First Zion’s current membership is not reflective of its membership in 1999; therefore, as it is no longer feasible for the court to confect a valid membership list for the relevant time, enforcement of the 1999 order is an impossibility. Moreover, in August of 2001, First Zion amended its Articles of Incorporation and adopted a new procedure for the selection of the pastor, which procedure was followed in appointing its current pastor. For all these reasons, First Zion contends that the judgment of the district court should be vacated as moot. Alternatively, First Zion argues that this court should vacate the judgment and remand for a proper hearing, as the district court erroneously limited the May 21, 2005 hearing to matters concerning the original preliminary injunction and refused to allow First Zion to introduce evidence of relevant events that have occurred since the rendition of the 1999 judgment. Finally, first Zion argues that the district court lacked the authority to order that Rev. Thompson be reinstated as pastor of |Bthe church because such an order constitutes unconstitutional interference of the state in an ecclesiastical matter.
We agree with First Zion that because enforcement of the 1999 ruling is no longer possible, the issue is moot’.[4] The 1999 injunction, by its very terms, was conditioned upon the happening of a specific event, which was First Zion’s holding *559 of a new election on December 17, 1999 based upon either a mutually agreed-upon or a court-approved church membership list. According to the undisputed evidence, that event never occurred. All of the orders that were part of the 1999 ruling, including the reinstatement of Rev. Thompson as pastor and the specific rules designating those who had authority to sign checks drawn on First Zion’s account, were expressly stated to be interim measures effective only until the contemplated December 17, 1999 election. We therefore conclude that those orders expired by their own terms when the election did not take place on the specified date. Accordingly, the district court’s reinstatement of Rev. Thompson as pastor permanently in an effort to implement those 1999 orders is erroneous, as his 1999 reinstatement by the court was never intended to have permanent effect. Moreover, the passage of time since the issuance of the 1999 injunction has made it impossible to compile a valid church membership list for the purpose of ordering a new election, which option is now moot.
Finally, we hold that a court-ordered permanent reinstatement of Rev. Thompson as pastor of first Zion under these circumstances would violate the Constitutional principle of separation of church and state found in the First [(Amendment to the U.S. Constitution guaranteeing religious freedom. This principle has been consistently interpreted to forbid courts from interfering in the ecclesiastical matters of religious groups, which prohibition extends to the appointment and removal of ministers. See: The Serbian Eastern Orthodox Diocese for the U.S. and Canada v. Milivojevich, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976); Glass v. First United Pentecostal Church of DeRidder, 95-1442 (La.App. 3 Cir. 6/12/96), 676 So.2d 724, 728. Because of this constitutional prohibition, we hold that specific perform-anee, i.e., the reinstatement of Rev. Thompson as pastor of First Zion, is a remedy unavailable to plaintiffs under the facts of this case. Therefore, should the plaintiffs ultimately prove at trial of this matter that Rev. Thompson was wrongfully removed from his position and/or was defamed through the fault of First Zion, the only redress to which the plaintiffs will be entitled is an award of damages, assuming such are proven.
Accordingly, for the reasons stated, we grant, the relator’s application, vacate the judgment of the district court, and remand the matter for further proceedings consistent with this opinion. By the rendition of this opinion, the stay order is lifted.
WRIT GRANTED, JUDGMENT VACATED, MATTER REMANDED, STAY LIFTED.

.The allegations of defamation against Bank One have been resolved, and are not pertinent to the instant writ application. See Rev. Nor-wood Thompson v. Emmis Television Broadcasting, 2004-1020 (La.App. 4 Cir. 1/19/05), 894 So.2d 480, in which this Court affirmed the district court's granting of an exception of no cause of action filed by Bank One and the dismissal of Rev. Thompson’s allegations against Bank One.

. The amendment did not affect the substance of the preliminary injunction.

. The judgment stipulated that should the parties be unable to agree, one of them was to file a rule to show cause seeking a hearing from which the district court would determine the membership list to be used for the election.

. To the extent that our decision herein conflicts with this court’s 12/09/03 ruling granting plaintiffs' writ application and ordering the district court to conduct a hearing, we note that our prior decision to order a hearing was made without benefit of the entire record. We ordered the record in the instant case so that we could discern the proper course of action in light of the confusion presented by the long and complex legal history of this case, which is fraught with numerous seemingly inconsistent court rulings. After careful consideration of the entire record, we now conclude that the hearing ordered by this Court on 12/09/03 was unnecessary.